Centurion Legal Group
P.O. Box 470
Framingham, MA 01704
617-433-9444
removal@centurionlegalgroup.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS
BOSTON, MASSACHUSETTS

---

Mukendi MBIYA,

   Petitioner,

v.

Kristi L. NOEM, Secretary of the U.S. Department of Homeland Security,

Todd LYONS, Acting Director of U.S. Immigrations and Customs Enforcement,

Patrica HYDE, Acting Field Office Director, Immigration and Customs Enforcement, Boston,

Joseph D. McDONALD, Sheriff of Plymouth County, Massachusetts, and

Antone MONIZ, Superintendent, Plymouth County Correctional Facility,

   Respondents

---

Civ. No. _____

**PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 USC §2241**

**ORAL ARGUMENT REQUESTED**

**PETITION FOR WRIT OF HABEAS CORPUS**

# **INTRODUCTION**

1. Petitioner, Mukendi Mbiya ('Petitioner') was detained by U.S. Immigration and Customs Enforcement ('ICE') on August 18, 2025, at his family residence in Lewiston, Maine. **Exhibit A, Department of Homeland Security Bond Evidence, August 27, 2025.**[1]

2. Until his detention, Petitioner was residing with, and providing for, his spouse and six children, three of whom are United States citizens. **Id.**

3. Petitioner was denied bond at a bond redetermination hearing before an Immigration Judge, August 28, 2025, on the basis that Petitioner is a 'danger to the community.'[2] **Exhibit B, Order of the Immigration Judge (Bond), August 28, 2025.**

4. The sole basis given for denial of bond was Petitioner's unfortunate involvement in an automobile accident; a police investigation of this incident determined that Petitioner was not at fault in the accident and did not contribute to the incident. **Exhibit C, Petitioner's Bond Evidence, August 27, 2025.**

5. On information and belief, counsel asserts that Petitioner has not been arrested criminally or prosecuted in the United States or any other country and does not appear otherwise subject to mandatory detention pursuant to 8 U.S.C. §1226(c) *et seq*.

6. Petitioner remains detained at Plymouth County Correctional Facility, as of writing.

---

[1] At bond hearing, DHS submitted an EARM summary detailing Petitioner's immigration history, arrest, and reasons for arrest. While the probative value of such evidence to establish alienage remains in question in this circuit, *see, e.g., Rosa v. Bondi*, No. 24-1240, 14 (1st Cir. 2025), more lax evidentiary standards may apply in bond hearings, *see, e.g., Singh v. Holder*, 638 F.3d 1196, 1209-10 (9th Cir. 2011) ("bond hearings are particularly informal in nature"); 8 C.F.R. § 1003.19(d) (an immigration judge may rely "upon any information that is available to the Immigration Judge or is presented to him or her by the alien or the Service").

[2] At bond hearing, DHS bears the burden of proving that the noncitizen is a danger to the community or a flight risk. *See, e.g., generally, Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021); *Brito v. Garland*, 22 F.4th 240 (1st Cir. 2021). The Immigration Judge did not reach a consideration of the likelihood that Petitioner was likely to flee.

7.     Petitioner asserts that the Immigration Judge's denial of bond was an abuse of discretion and that Petitioner's continued detention is unlawful.

## PARTIES

8.     Petitioner, Mukendi Mbiya, was detained by DHS on August 18, 2025. He remains in immigration custody at the Plymouth County Correctional Facility in Plymouth, Massachusetts.[3]

9.     Respondent, Kristi L. Noem is the current Secretary of the Department of Homeland Security. She is sued in her official capacity.

10.     Respondent, Todd Lyons is the current Acting Director of U.S. Immigration and Customs Enforcement. He is sued in his official capacity.

11.     Respondent, Patricia Hyde is the current Acting Field Office Director of U.S. Immigration and Customs Enforcement, Boston Office. She is sued in her official capacity.

12.     Respondent, James D. McDonald, is the Sheriff of Plymouth County and is also Petitioner's immediate custodian. He is sued in his official capacity.

13.     Respondent, Anton Moniz, is the superintendent of the Plymouth County Correctional Facility and is Petitioner's immediate custodian. He is sued in his official capacity.

## JURISDICTION

14.     This Court has jurisdiction under 28 U.S.C. §2241 and Article I, Section 9, Clause 2 of the U.S. Constitution ("Suspension Clause"), as Petitioner is currently in custody under

---

[3] ICE's publicly-available Detainee Locator system (https://locator.ice.gov/odls/), at time of writing, lists Petitioner's current location as Plymouth County Correctional Facility. To date, Petitioner is unaware of any intent to move him outside the jurisdiction of this court.

color of the authority of the United States in violation of the Constitution, laws, or treaties thereof.

15. Jurisdiction is not precluded by virtue of 8 U.S.C. § 1226(e), which precludes judicial review of a 'discretionary judgment' regarding the detention of a noncitizen. The determination whether a noncitizen is "dangerous" for immigration-detention purposes is a mixed question of law and fact and is therefore reviewable as 'a question of law' in the context of habeas corpus and should be reviewed for abuse of discretion post the Supreme Court's decision in *Wilkinson v. Garland,* 601 U.S. 209, 144 S.Ct. 780, 218 L.Ed.2d 140 (2024). *Martinez v. Clark,* 124 F.4th 775, 779 (9th Cir. 2024).

16. Under this standard of review, the Immigration Judge's decision should be upheld "unless the [Petitioner] can show that the [adjudicator] committed an error of law or exercised its judgment in an arbitrary, capricious or irrational way." *Le Bin Zhu v. Holder,* 622 F.3d 87, 91-92 (1st Cir. 2010).

**VENUE**

17. Venue lies in the Eastern District of Massachusetts because Petitioner is currently detained at the Plymouth County Correctional Facility in Plymouth, Massachusetts and a substantial part of the events or omissions giving rise to his claims occurred in Massachusetts. 28 U.S.C. §§1391, 2241.

**EXHAUSTION OF REMEDIES**

18. Exhaustion may be excused where delay would prejudice judicial review or where a petitioner risks irreparable harm. *Portela-Gonzalez v. Sec'y of the Navy*, 109 F.3d 74,

77 (1st Cir. 2016) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145, 146 (1992)). Ongoing incarceration itself constitutes irreparable harm. *Brito v. Garland*, 22 F.4th at 256 (quoting *Bois v. Marsh*, 801 F.2d 462, 468 (D.C. Cir. 1986)).

19. Exhaustion should be waived in the instant case as awaiting Board of Immigration Appeals adjudication would potentially subject Petitioner to months of unlawful detention. With bond appeals averaging over 200 days, his case would likely not be resolved until 2026, resulting in prolonged loss of liberty and irreparable harm. *Rodriguez v. Bostock*, --- F. Supp. 3d ---, 2025 WL 1193850, at *5 (W.D. Wash. Apr. 24, 2025); *Bois*, 801 F.2d at 468.

## FACTS

20. Petitioner, Mukendi Mbiya ('Petitioner') was detained by U.S. Immigration and Customs Enforcement ('ICE') on August 18, 2025 at his family residence in Lewiston, Maine. **Exh. A.**

21. Petitioner entered the United States legally as a tourist on December 23, 2018. Soon after he filed for asylum with U.S. Citizenship and Immigration Services ('USCIS'), on May 28, 2019, <u>before</u> the expiration of his lawful, nonimmigrant status. He has been awaiting adjudication of his application since. **Exh. A.**

22. Petitioner was the driver in a fatal road incident on August 17, 2025. While he was driving at approximately 35-40 miles per hour (in accord with the speed limit) a pedestrian stepped out in front of his vehicle. While Petitioner swerved to avoid the pedestrian, she was struck by the corner of his car and sustained fatal injuries. **Exh. C.**

1      23. As the accident report acknowledges, Petitioner was not at fault in the accident; the report notes that he made 'no contributing action' to the accident; Petitioner is not accused of having been under the influence of alcohol or drugs. The pedestrian, wearing dark clothing in low-light conditions, stepped out in front of the vehicle away from any crossing signal or crosswalk. **Exh. C.**

      24. No criminal charges have been pressed against Petitioner in relation to the incident or are anticipated. **Exh. C.**

      25. News reports of the incident stress Petitioner's unlawful status, scapegoat him, and insinuate that he is a threat to the United States by virtue of his continued presence alone. **Exhibit D, News Articles, August 17, 2025** *et seq.* Indeed, DHS own press release classifies Petitioner as an "illegal alien [whose] driving kills innocent Americans." The report opines "All of these deaths are preventable because these illegal aliens should have NEVER been in our country." (Quoting Assistant Secretary Tricia McLaughlin).

      26. Respondent sought release on bond pursuant to 8 USC § 1226(a) before the Immigration Judge.

      27. At bond hearing of August 18, 2025, DHS counsel acknowledged that there was no indication that Petitioner had been at fault in the car accident; that there was no indication that Petitioner was under the influence of drugs or alcohol; and that no criminal charges had been filed against Petitioner as a result of this, or any other, incident.

      28. The Immigration Judge denied bond, determining that Petitioner was a danger to the community by virtue of his involvement in the accident alone.

29. On information and belief, counsel asserts that Petitioner has not been arrested criminally or prosecuted in the United States or any other country and does not appear otherwise subject to mandatory detention pursuant to 8 U.S.C. §1226(c) *et seq.*

30. As of writing, Petitioner remains detained at Plymouth County Correctional Facility, Plymouth, Massachusetts.

31. Petitioner's wife and children depend on him financially and face significant hardship if he remains detained. One of their primary concerns is that ICE may, without notice, relocate Petitioner outside of this court's jurisdiction, further limiting their access to Petitioner.

## CLAIMS FOR RELIEF

**COUNT 1 – VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION**

32. The foregoing allegations are realleged and incorporated herein.

33. Petitioner's detention by DHS violates his rights under the Due Process Clause of the Fifth Amendment to the United States Constitution.

34. All persons in the United States—regardless of their citizenship status, means or legality of entry, or length of stay—are entitled to the protections of the Due Process Clause." *See, e.g., Padilla v. Immigr. & Customs Enf't,* 953 F.3d 1134, 1142 (9th Cir. 2020) *citing Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

35. The Due Process Clause permits civil immigration <u>detention only if it is reasonably related to the legitimate purposes of effectuating removal or protecting against danger and flight risk and is accompanied by adequate procedures to ensure that detention serves those goals</u>. *See id.* at 690-69 (emphasis added).

36. Both substantive and procedural due process therefore require that such detention be strictly limited and is accompanied by a prompt individualized hearing before a neutral decisionmaker to ensure that detention serves these legitimate goals. *See, e.g., United States v. Salerno*, 481 U.S. 739, 750-51 (1987). The government bears the burden of establishing the need for detention; *Hernandez-Lara, supra.*; *Brito, supra.*

37. In the instant case, appropriate bases to deem Petitioner a danger to the community or a flight risk have not been asserted or found and Petitioner's extended detention is not reasonably related to the purpose of effectuating his removal or protecting against danger or risk of flight.

38. Petitioner's due process rights are frustrated where the decisionmaker abuses discretion or ignores the appropriate legal standards and permits the continued restraint of Petitioner's liberty without appropriate legal justification.

39. Petitioner's continued detention therefore violates the Due Process Clause and is unconstitutional.

**COUNT 2 – THE IMMIGRATION JUDGE'S DECISION TO PERMIT PETITIONER'S CONTINUED DETENTION WAS UNLAWFUL UNDER STATUTE, REGULATION AND PRECEDENT**

40. The foregoing allegations are realleged and incorporated herein.

41. 8 U.S.C. § 1226 authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings: "the [Secretary of DHS] (1) may continue to detain the arrested alien, (2) "may release the alien on … bond of at least $1500," or (3) "may release the alien on … conditional parole." 8 U.S.C. §§ 1226(a)(1)-(2). While the arresting immigration officer makes an initial custody determination, noncitizens have the right to request

a custody redetermination (i.e., bond) hearing before an Immigration Judge. *See* 8 C.F.R. §§ 1236.1(c)(8), (d)(1).  In order to justify continued detention under section 1226(a) of a noncitizen who is prepared to put up whatever bond is properly required, the government must either prove by clear and convincing evidence that the person is a danger to the community or prove by a preponderance of the evidence that the person is a flight risk.  *Hernandez-Lara v. Lyons,* 10 F.4th at 39–41 (1st Cir. 2021).

42.  While the Immigration Judge is granted broad discretion, per regulation, to adjudicate bond, 8 CFR § 1003.19(d) ("…may be based on any information"), the Board of Immigration Appeals has established parameters for consideration when adjudicating danger and flight risk.  Per *Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006), these factors include any of the following: (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they will entitle the alien reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the aliens manner of entry.

43.  The Immigration Judge did not weigh these factors.  As a result, her dismissal of bond is an abuse of discretion and exceeds her statutory authority, as interpreted by EOIR.

**REQUEST FOR ORAL ARGUMENT**

Petitioner respectfully requests oral argument on this Petition.

**PRAYER FOR RELIEF**

Petitioner asks that this Court grant the following relief:

1. Order Petitioner's release from DHS custody;

2. Order that Respondents provide the Court and Petitioner's counsel with at least two business days' notice prior to any removal of Petitioner from Massachusetts;

3. Award attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) and 5 U.S.C. § 504, if applicable; and,

4. Order any further relief this Court deems just and proper.

Respectfully submitted this 18th day of August, 2025.

On behalf of Petitioner,

_____
Christopher J. Lavery, Esq.
BBO#658721

**CERTIFICATE OF SERVICE**

I, Christopher J. Lavery, Esq., hereby certify that this document(s) flied through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants by mail this 18th day of August, 2025.

_____
Christopher J. Lavery, Esq.
BBO#658721